1

2

3                    IN THE UNITED STATES DISTRICT COURT

4              FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

LI FENG WANG,                              No. C 13-4190 CW
6
            Plaintiff,                     ORDER GRANTING
7                                          MOTION TO DISMISS
       v.                                  (Docket No. 12)
8
STEVE JOBS, STEVE JOBS' ESTATE
9 EXECUTOR, LAURENE POWELL JOBS, et
al.,
10
            Defendants.
11 ═══════════════════════════════/

12

13      Plaintiff Li Feng Wang, proceeding pro se, brought this

14 action against Defendants Steve Jobs, Steve Jobs' Estate Executor,

15 Laurene Powell Jobs, and "General Agency."  Laurene Powell Jobs

16 moves to dismiss the complaint.  Plaintiff opposes the motion.

17 The Court took the matter under submission without oral argument

18 and now grants the motion without leave to amend.

19                             BACKGROUND

20      Plaintiff's complaint is somewhat garbled but is nevertheless

21 sufficiently intelligible to discern the basic factual allegations

22 underlying her claims.  In short, Plaintiff alleges that some

23 unknown corporation or organization -- which she calls, "General

24 Agency" -- subjected her to mind-reading and mind-altering

25 technology without her consent in the fall of 2011.  Docket No. 1,

26 Compl. ¶¶ 12-13, 18-19.  According to her complaint, her exposure

27 to this technology caused her to become obsessed with Steve Jobs,

28 the late co-founder of Apple Inc., and to begin to have visions of

him in her sleep.  Id. ¶¶ 20-24, 41, 43.  Plaintiff further
alleges that Jobs himself helped design the mind-reading and mind-
altering technology and therefore should be liable, along with his
estate and General Agency, for the severe "emotional distress and
depression" she suffered as a result of her exposure to that
technology.  Id. ¶ 47.

Plaintiff asserts three causes of action against Defendants:
(1) a violation of her First Amendment rights; (2) negligence; and
(3) professional malpractice or products liability.  Id. ¶¶ 51-78.
She seeks three million dollars in damages.  Id. ¶ 82.

LEGAL STANDARDS

I.   Failure to State a Claim

A complaint must contain a "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to
state a claim, dismissal is appropriate only when the complaint
does not give the defendant fair notice of a legally cognizable
claim and the grounds on which it rests.  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007).  In considering whether the
complaint is sufficient to state a claim, the court will take all
material allegations as true and construe them in the light most
favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d
896, 898 (9th Cir. 1986).  However, this principle is inapplicable
to legal conclusions; "threadbare recitals of the elements of a
cause of action, supported by mere conclusory statements," are not
taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citing Twombly, 550 U.S. at 555).

**United States District Court**
For the Northern District of California

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246–47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

II.   Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

DISCUSSION

A.   First Amendment Violation (First Cause of Action)

Plaintiff alleges that Defendants' use of mind-reading and mind-altering technologies "significantly minimized and chilled [her] freedom of thought, speech and expression" under the First Amendment.  Compl. ¶ 51.

"In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'"  Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999) (alterations in original; citing Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994)).  The plaintiff must also allege that the defendant is a state actor.  Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1200 (9th Cir. 1989) (affirming dismissal of First Amendment claim brought against private actors).

Here, Plaintiff has not alleged that Defendants intended to chill or deter her political speech nor has she alleged that any Defendant is a state actor.  In fact, Plaintiff appears to allege explicitly that Defendants are not state actors.  Compl. ¶ 54 ("Defendants' MindReading conducts are not under Governmental [sic] system.").  She has also failed to specify what type of mind-altering technologies Defendants used.[1]  Although "several

---

[1] The complaint alludes to a mind-control system involving some combination of vehicles, robots, videos, cell phones, and supercomputers, Compl. ¶¶ 71-76, but fails to describe this system coherently and, more importantly, fails to allege that Defendants used this system on Plaintiff herself.

courts have found that compulsory treatment with mind-altering drugs may invade a patient's First Amendment interests in being able to think and communicate freely," Lojuk v. Quandt, 706 F.2d 1456, 1465 (7th Cir. 1983), Plaintiff here has not alleged that Defendants administered any such drugs to her or otherwise sought to treat her as a patient.  As such, she has not alleged any plausible facts that suggest that Defendants sought to read or alter her thoughts.  Cf. Riles v. Geithner, 693 F. Supp. 2d 1, 3 (D.D.C. 2009) (dismissing complaint and noting implausibility of plaintiff's allegations that defendants were "using mind-reading technology to (among other things) monitor his thoughts, intrude upon his private affairs, turn others against him, and destroy his livelihood"); Glasser v. Central Intelligence Agency, 2003 WL 21209705, at *2 (N.D. Cal.) (dismissing action with prejudice under 28 U.S.C. § 1915 where the complaint "contained fantastical allegations of the CIA's 'mind control' over the Plaintiff" because such "allegations are too implausible to be credible").

Accordingly, Plaintiff has failed to state a claim under the First Amendment.  Because she cannot amend her complaint to state a valid claim without contradicting her earlier allegation that Defendants are not state actors, her First Amendment claim is dismissed with prejudice.  Reddy, 912 F.2d at 296; see also Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011) (recognizing that, while courts must "construe pro se complaints liberally," they may nevertheless "dismiss a pro se complaint for failure to state a claim if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'").

B.   Negligence (Second Cause of Action)

Plaintiff alleges that Defendants behaved negligently in conducting mind-reading experiments on her.

To state a valid negligence claim, the plaintiff must allege that (1) the defendant owes a legal duty of care to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the plaintiff's injuries resulted from the defendant's breach.  Hoyem v. Manhattan Beach City Sch. Dist., 22 Cal. 3d 508, 513 (1978).  "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others."  McGettigan v. Bay Area Rapid Transit Dist., 57 Cal. App. 4th 1011, 1016–17 (1997).

Plaintiff has failed to identify any affirmative duty that Defendants owed her and failed to explain how they might have breached their ordinary duty of care.  Moreover, as explained above, Plaintiff's allegations of mind-reading and mind-control are not plausible.  See Riles, 693 F. Supp. 2d at 3.  And, even if these allegations were plausible, Plaintiff has not provided adequate detail about Defendants' specific conduct to state a claim against them.  For all of these reasons, her negligence claim must be dismissed under Rule 12(b)(6).

In addition, the claim must also be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.  The only basis for federal jurisdiction that Plaintiff has identified here is federal question jurisdiction over her First Amendment claim and supplemental jurisdiction over her other two claims, which both

United States District Court
For the Northern District of California

arise under state law.  Compl. ¶¶ 1-3 (citing 28 U.S.C. §§ 1331, 1367).  However, because her First Amendment claim must be dismissed with prejudice for the reasons outlined above, Plaintiff cannot rely on that claim as a basis for exercising supplemental jurisdiction over her other claims.  The Court therefore may not exercise subject matter jurisdiction over her negligence claim.[2] Because amendment of the claim would not cure this jurisdictional defect, Plaintiff's negligence claim is dismissed without leave to amend, but without prejudice to filing in state court.  See Silva, 658 F.3d at 1101.

> C.   Professional Malpractice or Products Liability (Third Cause of Action)

As with her negligence claim, Plaintiff has failed to allege any plausible facts to support her malpractice or products liability claim.  Furthermore, she has failed to identify a basis for exercising supplemental jurisdiction over this state law claim in light of the dismissal of her First Amendment claim.  Thus, this claim, like her negligence claim, must be dismissed without leave to amend, but without prejudice to filing in state court. Id.

---

[2] Ordinarily, the "decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." Foster v. Wilson, 504 F.3d 1046, 1051 (9th Cir. 2007).  However, the Ninth Circuit has specifically cautioned district courts against exercising jurisdiction over pendent state claims when the dismissed federal claims are "absolutely devoid of merit or obviously frivolous." Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991). Plaintiff's First Amendment claim falls squarely within this category because it is based on implausible factual allegations and brought against non-state actors.  Accordingly, it is inappropriate to retain supplemental jurisdiction over her state law claims in this action.

United States District Court
For the Northern District of California

CONCLUSION

For the reasons set forth above, Defendant Laurene Powell Jobs' motion to dismiss (Docket No. 12) is GRANTED.  Although the other Defendants have not joined the motion, the claims against them are dismissed, as well.  See Silverton v. U.S. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").  Because amendment would be futile, the complaint is dismissed without leave to amend but without prejudice to re-filing in state court.

Plaintiff's motion for permission to file electronically (Docket No. 7) is DENIED as moot and her motion for leave to submit "IBM Research Center News" (Docket No. 15) is DENIED because it seeks to present irrelevant information not contained in the complaint.

Defendant Laurene Powell Jobs shall recover her costs.  The clerk shall enter judgment and close the file.

IT IS SO ORDERED.


Dated:  12/19/2013                          CLAUDIA WILKEN
                                            United States District Judge